```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

```
RONALD LEE MACKS, JR.,         *
                               *
     Plaintiff,                *
                               *
vs.                            *   CASE NO. _____
                               *
CHUAN DARNELL JONES, in his    *
individual capacity, and       *
RICHARD RIVERA, in his         *
individual capacity,           *
                               *
     Defendant.                *
```

**COMPLAINT FOR DAMAGES**

NATURE OF THE CASE

1.

This civil action concerns the unlawful seizure, arrest, detention and prosecution of Ronald Lee Macks, Jr. by Chuan Darnell Jones and Richard Rivera of the Kennesaw Police Department. Macks seeks monetary damages, attorney's fees, costs and a trial by jury.

PARTIES

2.

Plaintiff Ronald Lee Macks, Jr. ("Macks") is a resident of Cobb County, Georgia.

3.

Defendant Chuan Darnell Jones ("Jones") is employed as a police officer by the City of Kennesaw. Officer Jones is

sued in his individual capacity. At all times relevant to this complaint, Officer Jones acted under the color of law.

4.

Defendant Ronald Rivera ("Rivera") is employed as a police officer by the City of Kennesaw. Officer Rivera is sued in his individual capacity. At all times relevant to this complaint, Officer Rivera acted under the color of law.

VENUE

5.

All acts or omissions alleged in this complaint occurred in the Northern District of Georgia, where the defendants reside, and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

JURISDICTION

6.

Jurisdiction for this suit is conferred in part by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

8.

Attorney's fees are authorized under 42 U.S.C. § 1988.

9.

By letter dated December 23, 2013, Macks perfected an ante litem notice of his claims (detailed in this complaint) to the City of Kennesaw.  See O.C.G.A. § 36-11-1.

FACTS

10.

On November 20, 2012, a supervisor with the Kennesaw City Police Department authorized a "Safety/Sobriety/License Checkpoint" at "McCollum Pkwy (East Bound sides) east of Main St Near CEC" to be conducted on from 12:00 a.m. to 4:00 a.m. on November 22, 2012 ("the License Safety Check").

11.

According to the supervisor's 11/20/12 authorization, the primary purpose of the License Safety Check was "to

check drivers' licenses and proof of insurance, seatbelts, sobriety and apprehension."

12.

On November 22, 2012, Macks was stopped at the License Safety Check. At that point, Officer Jones asked Macks for his driver's license.

13.

Macks provided his driver's license to Officer Jones (revealing that he was 30 years of age).

14.

During the stop, Officer Jones smelled an odor of alcohol. Macks admitted to Jones that he had consumed alcohol at Cowboys earlier that evening. At the request of Jones, Macks blew into an Alco-Sensor and tested positive for alcohol.

15.

Officer Jones did not observe any signs of impairment of Macks from alcohol consumption, such as difficulty operating the vehicle or understanding the officer's questions, bloodshot eyes, slurred speech, swaying, or staggering.

16.

Officer Jones did not ask Macks to perform any field sobriety tests, even though there was no impediment to doing

so (e.g., not having enough room on roadside, high traffic).

17.

Based solely on the positive Alco-sensor reading, Officer Jones arrested Macks for driving under the influence (DUI).  Officer Jones then read Macks the State's Implied Consent notice for suspects over 21 years of age.  See O.C.G.A. § 40-5-67.1(b)(2).

18.

After Macks was placed in custody (but before he was removed from the roadside scene), Officer Jones brought Officer Rivera into the picture.  Both Officers Jones and Rivera confirmed that Macks was 30 years of age.  Still, with no arguable probable cause to believe that Macks was guilty of DUI, these officers had Macks taken to the police station.

19.

At the police station, Macks agreed to and took the state-administered breath test.  Macks blew under the legal limit, i.e., under .08.

20.

Instead of releasing Macks, Officer Jones formally charged Macks with DUI "less safe" (see O.C.G.A. § 40-6-391(a)(1)), forcing Macks to post a bond.

21.

Officer Jones seized Mack's driver's license, and caused it to be sent to the Department of Driver's Services for suspension.

22.

Macks's criminal case was transferred from the Municipal Court of Kennesaw to the State Court of Cobb County.

23.

On February 13, 2012, the Solicitor General for Cobb County formally accused Macks with the offense of DUI "less safe" (see O.C.G.A. § 40-6-391(a)(1)), forcing Macks to hire an attorney.

24.

After appearing in the state court, Macks was immediately offered a reduced plea of "reckless driving," which he rejected.  Macks then filed a motion to suppress, arguing that the defendants lacked probable cause to arrest him in the first place.

25.

On May 30, 2013, which was the morning of the hearing on the motion to suppress, based on false or materially misleading statements of Officers Jones and Rivera, the solicitor amended the accusation to add two counts of

"obstruction" (see O.C.G.A. § 16-10-24(a)) against Macks. These new counts accused Macks specifically of "unlawfully knowingly and willfully" obstructing and hindering each of the defendants by giving them "a false age."

26.

At no point did Macks hinder or obstruct the officers. When asked for his birth date, Macks answered immediately and correctly.  More to the point, he gave the officers his driver's license, and they confirmed that Macks was 30 years of age before taking him to the police station.

27.

On June 19, 2013, the state court found that Officer Jones lacked probable cause for arresting Macks for DUI "less safe" and granted the motion to suppress.

28.

On June 27, 2013, Mack's state criminal case was nolle-prossed.

COUNT 1

42 U.S.C. § 1983: False Arrest / Unlawful Seizure

in violation of the Fourth Amendment

29.

Macks incorporates paragraphs 1 through 28 here by this reference.

30.

Based upon their experience, knowledge and training as a law enforcement officers, Officers Jones and Rivera knew that no arguable probable cause, much less probable cause, existed to believe that Macks committed a crime on November 22, 2012.

31.

An objectively reasonable law enforcement officer in those officers' position would have known that no arguable probable cause existed to arrest Macks for DUI or any other crime.

32.

At all times relevant to this action, the law was established with obvious clarity that arresting a citizen without arguable probable cause and depriving a citizen of his liberty violates the Fourth Amendment to the United States Constitution and the Georgia Constitution (Art. I, § 1, ¶¶ I & XIII).

33.

As a direct and proximate cause of Officers Jones's and Rivera's acts and omissions, Macks was detained, seized, and arrested against his will, entitling his to compensatory, punitive and nominal damages in an amount to be determined by the enlightened conscience of the jury.

COUNT 2

42 U.S.C. § 1983: Malicious Prosecution

in violation of the Fourth Amendment

34.

Macks incorporates paragraphs 1 through 28 here by this reference.

35.

The defendants initiated a criminal prosecution against Macks for violating O.C.G.A. § 40-6-391(a)(1)(driving under the influence of alcohol), and they knew or should have known that no arguable probable cause existed to believe that Macks had violated this Georgia statute or committed any crime recognized by law.

36.

Officer Jones initiated the arrest and maintained the prosecution of Macks (with the personal participation of Officer Rivera) by making false or reckless statements during a motion-to-suppress hearing in the state prosecution, thus displaying malice and a reckless disregard for Mack's civil rights.

37.

The arrest and prosecution forced Macks to appear in Cobb County State Court numerous times on his criminal case with a private criminal defense attorney.

38.

This criminal prosecution terminated favorably for Macks.

39.

At all times relevant to this action, the law was established with obvious clarity that arresting a citizen without arguable probable cause and depriving a citizen of his liberty violates the Fourth Amendment to the United States Constitution and the Georgia Constitution (Art. I, § 1, ¶ I).

40.

As a result of this prosecution, Macks suffered emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Officer Jones in an amount to be determined by the enlightened conscience of the jury.

COUNT 3

O.C.G.A. § 51-7-1: Malicious Arrest

41.

Macks incorporates paragraphs 1 through 28 here by this reference.

42.

Officers Jones and River initiated a criminal prosecution against Macks for violating O.C.G.A. § 40-6-

391(a)(1)(driving under the influence of alcohol), and they knew or should have known that no arguable probable cause existed to believe that Macks had violated this Georgia statute or committed any crime recognized by law.

43.

Officers Jones and Rivera initiated the arrest and prosecution of Macks with malice, as interpreted under Georgia law.

44.

This criminal prosecution terminated favorably for Macks.

45.

As a result of the arrest, Macks has suffered emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Officers Jones and Rivera for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

COUNT 5

O.C.G.A. § 51-7-40: Malicious Prosecution

46.

Macks incorporates paragraphs 1 through 28 here by this reference.

47.

Officers Jones and Rivera initiated a criminal prosecution against Macks for violating O.C.G.A. § 40-6-391(a)(1)(driving under the influence of alcohol), and they knew or should have known that no arguable probable cause existed to believe that Macks had violated this Georgia statute or committed any crime recognized by law.

48.

Officers Jones and Rivera initiated and maintained the arrest and prosecution of Macks with malice, as interpreted under Georgia law.

49.

This criminal prosecution terminated favorably for Macks.

50.

As a result of the arrest, Macks has suffered emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Officer Jones for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

COUNT 6

O.C.G.A. § 51-7-20: False Imprisonment

51.

Macks incorporates paragraphs 1 through 28 here by this reference.

52.

On November 22, 2012, Officers Jones and Rivera unlawfully detained Macks against his will, depriving him of personal liberty.

53.

The detention of Macks was unlawful because it was not predicated on any process and no exigent circumstances existed to justify the defendants' conduct.

54.

As a result of his unlawful detention, Macks has suffered emotional, mental and financial injury, entitling him to recover compensatory and punitive damages against Officers Jones and Rivera for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

COUNT 7

Punitive Damages

(Officer Jones only)

55.

Macks incorporates paragraphs 1 through 28 here by this reference.

56.

Officer Jones's actions described in this complaint displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

COUNT 8

O.C.G.A. § 13-6-11: Attorney's Fees

(Officer Jones only)

57.

Macks incorporates paragraphs 1 through 28 here by this reference.

58.

By his acts and omissions specified above, as well as other conduct, Officer Jones has acted in bad faith, has been stubbornly litigious and has caused Macks unnecessary trouble and expense.

59.

Macks is entitled to recover his actual expenses of litigation, including attorney's fees, from Officer Jones.

WHEREFORE, Macks respectfully requests the following relief:

(a) That as to Counts 1, 2, 3, 4, 5 and 6, the Court award Macks compensatory damages (and punitive damages against Jones only, see Count 7), and

        nominal damages against Officers Jones and Rivera in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court grant the Macks his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c) That Macks be granted a trial by jury on all issues so triable; and

(d) That Macks be granted such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        WIGGINS LAW GROUP

        BY: /s/ Cary Wiggins
        Cary S. Wiggins
        Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone: (404) 659-2880
Facsimile: (404) 659-3272
cary@wigginslawgroup.com
www.wigginslawgroup.com